W. Thomas Fagan
Kelvin H. Kaneshiro
Reinwald, O'Connor & Playdon LLP
Pacific Guardian Center – Makai Tower
733 Bishop Street, 24th Floor
Honolulu, HI 96813-4070
Telephone:  (808) 524-8350
Facsimile:   (808) 531-8628

Ray Tamaddon (pro hac vice)
Berman & Aiwasian
725 South Figueroa Street, Suite 1050
Los Angeles, CA 90017
Telephone:  (213) 833-3200
Facsimile:   (213) 833-3230

Attorneys for Plaintiff and Counterclaim Defendant
PACIFIC EMPLOYERS INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SERVCO PACIFIC INC., a Hawaii corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaii corporation,<br><br>Defendants.<br><br>SERVCO PACIFIC, INC., a Hawaii corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation,<br><br>Counterclaim Defendant. | Civil No. CV01-00252 SPK-KSC<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST SERVCO PACIFIC, INC.**<br><br>Date:  APR 1 1 2003<br>Time:  10:00 am<br>Judge:  Hon. Samuel P. King<br><br>Trial: April 8, 2003 |

1

## PLAINTIFF AND COUNTERCLAIM DEFENDANT
## PACIFIC EMPLOYERS INSURANCE COMPANY'S
## SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION
## FOR PARTIAL SUMMARY JUDGMENT AGAINST SERVCO PACIFIC, INC.

Pursuant to Rule 56.1 of the Rules of the United States District Court for the District of Hawaii ("Local Rules"), plaintiff and counterclaim defendant Pacific Employers Insurance Company ("PEIC") hereby submits its Separate and Concise Statement of Material Facts in support of its Motion for Partial Summary Judgment Against Servco Pacific, Inc. ("Servco").

| FACTS | EVIDENCE |
|---|---|
| 1. On or about September 14, 1984, Servco entered into an agreement under which it agreed to purchase certain assets from City Mill Company, Ltd. ("City Mill"), including City Mill's leasehold interest in the property known as 2819 and 2841 Pukoloa Street located in Honolulu, Hawaii ("Site"). | 1. Servco's Counterclaim Against Plaintiff Pacific Employers Insurance Company ("Counterclaim"), p. 3, ¶13, attached as Exhibit A to Declaration of Ray Tamaddon ("Tamaddon Decl."). |
| 2. On or about March 1, 1985, City Mill assigned its leasehold interests in the Site to Servco. | 2. Counterclaim, p. 3, ¶14, attached as Exhibit A to Tamaddon Decl. |
| 3. According to Servco, in April 1996, Servco hired Clayton Environmental Consultants ("Clayton") to conduct a Phase II subsurface investigation of the Site. According to Servco, as a result of Clayton's investigation, it learned that the Site was contaminated. | 3. Counterclaim, p. 3, ¶15, attached as Exhibit A to Tamaddon Decl. |
| 4. According to Servco, a significant portion of the contamination at the Site was caused by a wood treatment plant operated by a former sublessee. | 4. Servco's Answer to Complaint, filed April 19, 2001 ("Answer"), p. 3, ¶8, attached as Exhibit B to Tamaddon Decl. |
| 5. On January 8, 1997, the Hawaii Department of Health ("DOH") notified Servco that the Site had been identified as "medium priority" through its site screening procedures, and requested further investigation and/or monitoring according to DOH's technical manual for | 5. Counterclaim, p. 3, ¶16, attached as Exhibit A to Tamaddon Decl. |

| | |
|---|---|
| implementation of the Hawaii State Contingency Plan. | |
| 6. At no time has the DOH or any other government agency filed a suit against Servco in connection with the contamination of the Site. | 6. Tamaddon Decl., ¶7. |
| 7. According to Servco, in response to the DOH's requirements, Servco undertook measures to remediate the Site. Servco claims that by December 1, 1998, it had incurred over $500,000 in damages, remediation costs and expenses related to the contamination of the Site, and that to date, it has incurred more than $900,000 in such expenses. | 7. Counterclaim, p. 4, ¶¶17 and 18, attached as Exhibit A to Tamaddon Decl. |
| 8. On April 2, 1998, Servco initiated a suit against various potentially responsible parties, including Damon Estate. | 8. Counterclaim, p. 4, ¶21, attached as Exhibit A to Tamaddon Decl. |
| 9. On September 9, 1998, Damon Estate filed a counterclaim against Servco seeking indemnification for any liability in connection with the Site. | 9. Counterclaim, p. 3, ¶22, attached as Exhibit A to Tamaddon Decl. |
| 10. Servco seeks coverage for the two underlying matters under PEIC Excess Blanket Catastrophe Liability Policy No. XMO 016553, effective November 1, 1984 to November 1, 1985 ("PEIC Policy"). | 10. Counterclaim, p. 2, ¶4, attached as Exhibit A to Tamaddon Decl. |
| 11. The PEIC Policy is excess of Island Insurance Company Policy No. TSM 10011004, also effective November 1, 1984 to November 1, 1985. | 11. Counterclaim, p. 3, ¶9, attached as Exhibit A to Tamaddon Decl. |
| 12. The PEIC Policy's duty to defend provision provides in pertinent part:<br><br>"If limits of liability of the underlying insurance are exhausted because of . . . property damage . . . during the period of this policy, PEIC will have the right and duty to defend any suit against the Insured seeking damages on account of such . . . property damage . . . even if any of the allegations of the suit are groundless, false or | 12. Exhibit C (second page) to Tamaddon Decl. |

3

| | |
|---|---|
| fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient . . . " | |
| 13. The PEIC Policy's indemnity provision provides in pertinent part:<br><br>"PEIC will indemnify the Insured for ultimate net loss in excess of the retained limit hereinafter stated which the Insured shall become legally obligated to pay as damages because of . . . property damage . . . to which this insurance applies, caused by an occurrence . . ." | 13. Exhibit C (second page) to Tamaddon Decl. |
| 14. The PEIC Policy's "No Action" clause states in pertinent part:<br><br>"No action shall lie against PEIC unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and PEIC. . . " | 14. Exhibit C (fifth page) to Tamaddon Decl. |
| 15. The PEIC Policy contains a "pollution exclusion," which states as follows:<br><br>"This policy does not apply: . . . to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; | 15. Exhibit C (third page) to Tamaddon Decl. |

| | |
|---|---|
| but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental." | |
| 16. As of the date of the filing of this motion, Servco has not provided any evidence that the contamination at the Site was caused by a sudden and accidental discharge. | 16. Tamaddon Decl., ¶6. |

Dated: \_\_\_\_10/31\_\_\_\_, 2002     BERMAN & AIWASIAN

By_____
Ray Tamaddon
Attorneys for Plaintiff and Counterclaim
Defendant PACIFIC EMPLOYERS
INSURANCE COMPANY

5