IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SERVCO PACIFIC INC., a Hawaii corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaii corporation,<br><br>Defendants. | Civil No. CV01-00252 SPK-KSC<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT AND COUNTERCLAIMANT SERVCO PACIFIC, INC.** |
| SERVCO PACIFIC, INC., a Hawaii corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation,<br><br>Counterclaim Defendant. | |

## PLAINTIFF AND COUNTERCLAIM DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT AND COUNTERCLAIMANT SERVCO PACIFIC, INC.

Plaintiff and counterclaim defendant Pacific Employers Insurance Company ("PEIC") filed this action against Servco Pacific, Inc. ("Servco") to obtain a declaration that it does not have a duty to defend or indemnify Servco under excess policies with respect to two environmental matters asserted against Servco. PEIC's complaint also seeks a declaration against Servco's primary insurer, Island Insurance Company ("Island"), that to the extent that PEIC owes any duties to Servco, PEIC is entitled to indemnity and contribution from Island. The two underlying matters for which Servco

seeks coverage arise out of the contamination of real property leased by Servco, located at 2819 and 2841 Pukoloa Street, Honolulu, Hawaii ("Site"). The first underlying matter involves the DOH's notification to Servco on or about January 8, 1997 that Servco address the contamination at the Site ("DOH Matter"). The second underlying matter involves a counterclaim filed against Servco by the fee simple owner of the Site, Trustees Under the Will and of the Estate of Samuel M. Damon, in response to a suit initiated by Servco on April 2, 1998 relating to the contamination of the Site.

PEIC now seeks partial summary judgment against Servco, establishing that:

1. PEIC does not have a duty to defend Servco in connection with the DOH matter because the DOH matter does not constitute a suit under the PEIC policy at issue;

2. PEIC does not have a duty to indemnify Servco in connection with the DOH matter because there is no judgment or money ordered by court that PEIC is "legally obligated to pay as damages" under the PEIC policy at issue; and

3. There is no duty to indemnify Servco under the PEIC policy at issue in connection with either the DOH matter or the second underlying claim involving the counterclaim against Servco because Servco cannot show that that the contamination was caused by a "sudden and accidental" discharge, as opposed to routine operations at the site.

The Court's ruling on these issues will affect the parties' claims and defenses by:

1. **Granting** portions of PEIC's First Cause of Action for Declaratory Relief in its complaint, namely, PEIC's request for a declaration that there is no duty to defend Servco with respect to the DOH matter or a duty to indemnify Servco with respect to the DOH matter or the counterclaim;

2. **Granting** portions of PEIC's Second Cause of Action for Declaratory Relief in its complaint, namely, PEIC's request for a declaration that there is no duty to defend Servco with respect to the DOH matter or a duty to indemnify Servco with respect to the DOH matter or the counterclaim;

3. **Dismissing** portions of Servco's Count I for Declaratory Judgment in its counterclaim, namely, Servco's request for a declaration that PEIC has a duty to defend Servco with respect to the DOH matter and a duty to indemnify Servco with respect to the DOH matter and the counterclaim;

4. **Dismissing** portions of Servco's Count II for Breach of Contract in its counterclaim, namely, Servco's claim that PEIC breached the insurance contract by its alleged failure to defend Servco with respect to the DOH matter and indemnify Servco with respect to the DOH matter and the counterclaim;

5. **Dismissing** portions of Servco's Count III for Bad Faith in its counterclaim, namely, Servco's claim that PEIC committed "bad faith" by its alleged failure to defend Servco with respect to the DOH matter and indemnify Servco with respect to the DOH matter and the counterclaim;

6. **Dismissing** portions of Servco's Count IV for Breach of Fiduciary Duty in its counterclaim, namely, Servco's claim that PEIC breached its fiduciary duty to Servco by its alleged failure to defend Servco with respect to the DOH matter and indemnify Servco with respect to the DOH matter and the counterclaim;

7. **Granting** PEIC's Ninth Affirmative Defense in its answer to Servco's counterclaim;

9. **Granting** portions of PEIC's Tenth Affirmative Defense in its answer to Servco's counterclaim regarding PEIC's obligation being limited to indemnification of Servco "for ultimate net loss in excess of the retained limit hereinafter stated which the

insured shall become legally obligated to pay as damages because of . . . property damage . . . to which this insurance applies . . .";

      9.    **Granting** PEIC's Eighteenth Affirmative Defense in its answer to Servco's counterclaim.

This motion is based upon Rules 7 and 56 of the Federal Rules of Civil Procedure, Rule 56.1 of the Rules of the United States District Court for the District Court of Hawaii, the memorandum attached hereto, the separate and concise statement of facts, declarations, and exhibits filed concurrently herewith, the files and records herein, and such other matters as may be presented to the Court.

DATED:    Honolulu, Hawaii, _____10/31/02_____

BERMAN & AIWASIAN

By_____
Ray Tamaddon
Attorneys for Plaintiff and Counterclaim
Defendant PACIFIC EMPLOYERS
INSURANCE COMPANY