```
HUGHES & TAOSAKA
Attorneys at Law
A Law Corporation

ROY F. HUGHES            1774-0
CATHERINE L. AUBUCHON    7661-0
1001 Bishop Street
Suite 900, Pauahi Tower
Honolulu, Hawaii  96813
Telephone:  (808) 526-9744
E-mail:   rhughes@hughestaosaka.com
          caubuchon@hughetaosaka.com

Attorneys for Defendant
ISLAND INSURANCE COMPANY, LTD.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SERVCO PACIFIC, INC., a Hawaii Corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaii Corporation,<br><br>        Defendants. | CIVIL NO. CV01-00252 SPK-KSC<br><br>DEFENDANT ISLAND INSURANCE COMPANY, LTD.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PACIFIC EMPLOYERS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION PURSUANT TO FRCP 59(e), 60(b)(5), 60(b)(6) AND LOCAL RULE 60 FILED ON JUNE 16, 2006; CERTIFICATE OF SERVICE |

PEIC\pldg\memo opp.PEIC.mtn recon

**DEFENDANT ISLAND INSURANCE COMPANY, LTD.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF PACIFIC EMPLOYERS
INSURANCE COMPANY'S MOTION FOR RECONSIDERATION PURSUANT TO FRCP
59(e), 60(b)(5), 60(b)(6) AND LOCAL RULE 60 FILED ON JUNE 16, 2006**

Defendant Island Insurance Company, Ltd. ("Island"), by and through its counsel, Hughes & Taosaka, oppose Plaintiff Pacific Employers Insurance Company's ("PEIC") Motion for

Reconsideration Pursuant to FRCP 59(e), 60(b)(5), 60(b)(6) and Local Rule 60 filed on June 16, 2006 ("Motion"). PEIC's Motion is time-barred and PEIC fails to provide the needed "exceptional circumstances" to set aside the order granting summary judgment in Island's favor.

**I.   THE MOTION FOR RECONSIDERATION UNDER FRCP 59(e) AND LOCAL RULE 60.1 IS TIME-BARRED.**

Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") provides:

> Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than **10 days** after entry of the judgment.

Local Rule 60.1 provides:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a)   Discovery of new material facts not previously available;
>
> (b)   Intervening change in law;
>
> (c)   Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed not more than **ten (10) business days** after the court's written order is filed.

LR60.1 (2005) (emphasis added). The ten-day time limit for the filing of a motion for reconsideration under FRCP 59(e) is mandatory and cannot be extended. *See Morris v. Unum Life*

2

*Insurance Company*, 430 F.3d 500, 502 (1st Cir. 2005). An untimely motion for reconsideration is a nullity. *See id*.

Since the Order Granting in Part and Denying in Part Motions for Summary Judgment was filed on June 19, 2003, the deadlines to file a motion for reconsideration were June 29, 2003 under FRCP 59(e) and July 3, 2003 under Local Rule 60.1.[1] PEIC did not file this Motion until June 16, 2006—three years later. The untimely Motion is a nullity and should be dismissed.

**II.   RELIEF UNDER FRCP 60(b)(5) AND 60(b)(6) IS UNWARRANTED.**

FRCP 60(b) provides:

> **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: … (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time…

FRCP 60(b)(5) authorizes a court to relieve a party from a final judgment order or proceeding if it is no longer equitable that the judgment should have prospective application. *See Petition*

---

[1] PEIC has already sought reconsideration under FRCP 59(e) and Local Rule 60.1. On July 3, 2003, PEIC filed a motion for reconsideration which was denied. However, because PEIC was not given an opportunity to file a Reply Memorandum, the order denying the motion for reconsideration was vacated. PEIC was allowed to file a reply memorandum within 11 days of a lifting of the Stipulation and Order Staying Proceedings entered on July 28, 2003.

3

*of Boeing Airplane Company*, 23 F.R.D. 264, 265 (D.D.C. 1959). However, the court cautioned that such relief should only be sparingly given:

> The power, naturally, should be very ***cautiously and sparingly*** invoked by the Court and ***only in unusual and exceptional instances***.

*Id.* (emphasis added).

To prevail on a motion under 60(b)(6), the movant must show exceptional circumstances, in other words, an "extreme" and "unexpected" hardship will result. In *Griffin v. Swim-Tech Corporation*, 722 F.2d 677, 680 (11th Cir. 1984), the court denied a motion to set aside a judgment under this rule, because it did not find any "extraordinary circumstances." An explanation of the rule and the standard for relief was provided:

> The purpose of [FRCP 60(b)] is to define the circumstances under which a party may obtain relief from a final judgment. It should be construed in order to do substantial justice, but this does not mean that final judgments should be lightly reopened. The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts.
>
> …
>
> It is well established, however, that relief under [FRCP 60(b)(6)] is an extraordinary remedy which may be invoked only upon a

4

>showing of exceptional circumstances.  The party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result.

*See id.* at 680 (internal citations omitted).

PEIC is not entitled to relief under either FRCP 60(b)(5) or 60(b)(6).  Firstly, the Order granting summary judgment in Island's favor does not have prospective application.  In effect, it dismissed PEIC's claims against Island, which resolved and ended that dispute.  Also, PEIC fails to make a showing of exceptional or extraordinary circumstances or that extreme and unexpected hardship to PEIC will result to warrant relief under FRCP 60(b)(6).  The hardship PEIC claims is the burden of the insured Servco Pacific, Inc.'s ("Servco") defense after Island settled with Servco.  This alleged hardship, however, is no hardship at all.  Rather, PEIC is fulfilling its duty to defend its insured as required by its applicable insurance policy.

At best, PEIC's basis for reconsideration is speculative.  In the motion, it describes the "***possibility***" that Servco's ultimate loss does not exceed $500,000, that it "appears ***possible*** that Servco ultimately was never liable for an amount in excess of Island's limits," and Island's "net payment … ***may*** be far less than its initial purported outlay."  PEIC's Mem. in Support of Motion, at 2, 10, 12.  Such speculative

5

reasons do not meet the exacting standard of an "extraordinary circumstance" and are inadequate and improper for reconsideration.

What is clear is that Island actually paid $1.5 million to settle the insurance dispute with Servco. Such settlements are favored by judicial principles and policy and have been affirmed by the courts. In *Teigen v. Jelco of Wisconsin, Inc.*, 367 N.W.2d 806, 809 (Wisc. S. Ct. 1985), the excess insurer objected to a structured settlement whereby the primary insurer and the insureds were released from liability up to the policy limit of $500,000, and the plaintiffs reserved their claims against the excess carrier. Any potential recovery against the excess carrier would be credited in the amount of $500,000, the limit of primary coverage.

The court explained the general policy of encouraging such settlements:

> The desirability of [such] agreements lies in the encouragement of partial settlements in future cases, thereby fostering effective and expeditious resolution of lawsuits. Partial settlements not only benefit the parties involved, but the justice system as a whole. Further, we reemphasize that "public interest requires that a plaintiff be permitted to settle claims against some of the exposed parties without releasing others."
> …
> Our holding that the trial court correctly dismissed [the primary insurer] from this action is based on two additional

6

>  conclusions:  One, that [the primary
> insurer] has satisfied its duty to defend
> and its obligation of good faith to … its
> insured, and, two, that [the primary
> insurer] has not breached any duty to [the
> excess carrier] by negotiating a settlement
> with the plaintiff.

*Id.* at 810.  The excess carrier made the same arguments as PEIC does here, that the primary carrier should not be relieved of its contractual duty to defend because it has not paid the full policy limit of $500,000.  The court disagreed:

> The trial court correctly concluded that
> [the primary insurer] has exhausted its
> liability by virtue of the *Loy* release.  The
> effect of the settlement is that [the
> primary insurer] has discharged *in toto* its
> obligation to its insured.  The
> [plaintiffs]' claim … has been satisfied,
> and [the insureds] have been released from
> any and all liability just as if the
> $500,000 policy limit had been paid in
> settlement.  [The primary insurer] has
> carried out the terms of its contract with
> [the insured], has fully protected itself
> from further exposure, and therefore, [it]
> has no further contractual duty.

*Id.* at 310.

The court found little or no merit to the argument regarding the reduced premium paid to the excess insurer, which PEIC also has argued here:

> [W]e recognize the fact that [the excess
> carrier]'s policy with [the insured] may
> have been written based on the coverage
> afforded … by [the primary insurer] and that
> the premium may have been calculated with
> the expectation that the cost of defense of
> any claim would be borne by [the primary

> insurer].  However, no unfair burden is being placed on [the excess carrier].  [The excess carrier] … is being asked to do no more than what it contracted for—to provide coverage to [the insured] in excess of that provided by [the primary insurer].  As a result of the settlement, ***[the excess carrier] will incur only those costs for which it is contractually responsible and for which it has already collected a premium***.  We do not believe that it is unreasonable for [the excess carrier] to defend against the claims falling within the parameters of its coverage.

*Id*. at 811-12 (emphasis added).

The duty to defend runs only to the insured and is contractual in nature.  Thus, PEIC cannot successfully assert against Island a duty to defend relying upon the theory of "exhaustion" or a right of contribution.  This principle was explained in *Teigen*:

> [T]here was no contract between the primary insurer and excess insurer that imposed any contractual obligation on the primary carrier to defend claims that arose, or that might arise after the primary carrier settled out, within the parameters of the excess carrier's coverage. … "The duty to defend is personal to each insurer.  The obligation is several and the carrier is not entitled to divide the duty nor require contribution from another absent a specific contractual right." … "The insurer's duty of good faith and fair dealing arises from the insurance contract and runs to the *insured*."

*Id*. at 811 (quoting *United States Fidelity and Guaranty Co. v. Tri-State Ins. Co.*, 285 F.2d 579 (10th Cir. 1960), and *Kranzush v. Badger State Mut. Cas. Co.*, 307 N.W.2d 256 (1981)).

Courts generally disagree with the argument that an insured must collect the full amount of primary insurance as a prerequisite to coverage under the excess policy. In *Zeig v. Massachusetts Bonding & Ins. Co.*, 23 F.2d 665 (1928), the seminal case on exhaustion of underlying insurance, the court rejected the argument as "unnecessarily stringent" and stated:

> [T]he defendant [excess insurer] had no rational interest in whether the insured *collected* the full amount of the primary policies, so long as it was only called upon to pay such portion of the loss as was in excess of the limits of those policies. To require an absolute collection of the primary insurance to its full limit would in many, if not most, cases involve delay, promote litigation, and prevent an adjustment of disputes which is both convenient and commendable.

*Id*. at 666 (emphasis in original). *See also* Ostrager & Newman, *Handbook on Insurance Coverage Disputes* § 13.04 (9th ed. 1998).

As is illustrative here, PEIC's approach has delayed and prolonged litigation. That Island and Servco were able to resolve their dispute, whereas PEIC opted to litigate with its insured and filed a declaratory relief action instead, should not inure to the benefit of PEIC.

**III. CONCLUSION**

Island respectfully requests that this Court deny PEIC's Motion for Reconsideration Pursuant to FRCP 59(e), 60(b)(5), 60(b)(6) and Local Rule 60, filed herein on June 16, 2006.

DATED: Honolulu, Hawaii, June 23, 2006.

 _____
 /s/ROY F. HUGHES
 CATHERINE L. AUBUCHON
 Attorneys for Defendant
 ISLAND INSURANCE COMPANY, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation,<br><br>         Plaintiff,<br><br>    vs.<br><br>SERVCO PACIFIC, INC., a Hawaii Corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaii Corporation,<br><br>         Defendants. | ) CIVIL NO. CV01-00252 SPK-KSC<br>)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a copy of the foregoing document was duly served Electronically via CM/ECF or by depositing the same in the U.S. mail, postage prepaid, upon the following persons at their last known address, as follows:

>W. THOMAS FAGAN, ESQ.
>KELVIN H. KANESHIRO, ESQ.
>Reinwald O=Connor & Playdon LLP
>2400 Makai Tower
>Pacific Guardian Center
>733 Bishop Street
>Honolulu, HI  96813
>    Email:   wtf@roplaw.com
>             khk@roplaw.com

```
BRUCE N. TELLES, ESQ. (pro hac vice)
JOHN C. CONWAY, ESQ. (pro hac vice)
725 South Figueroa Street
Suite 1050
Los Angeles, CA  90017

ROBERT J. ROMERO, ESQ. (pro hac vice)
244 Jackson Street
Suite 300
San Francisco, CA  94111

Attorneys for Plaintiff
PACIFIC EMPLOYERS INSURANCE COMPANY


MARGERY S. BRONSTER, ESQ.
2300 Pauahi Tower
1001 Bishop Street
Honolulu, HI  96813
     Email:    mbronster@bchlaw.net

JAMES R. MURRAY, ESQ.
1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007

Attorney for Defendant
SERVCO PACIFIC, INC.
```

DATED:  Honolulu, Hawaii, June 23, 2006.


_____
/s/ROY F. HUGHES
CATHERINE L. AUBUCHON
Attorneys for Defendant
ISLAND INSURANCE COMPANY, LTD.

2