BRONSTER CRABTREE & HOSHIBATA
A Law Corporation

MARGERY S. BRONSTER        4750
REX Y. FUJICHAKU           7198
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: 808-524-5644
Facsimile: 808-599-1881
mbronster@bchlaw.net
rfujichaku@bchlaw.net

JAMES R. MURRAY (*Pro Hac Vice*)
Gordon Murray Tilden
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
jmurray@gmtlaw.com

Attorneys for Defendant
SERVCO PACIFIC INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>SERVCO PACIFIC INC., a Hawai‘i corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawai‘i corporation,<br><br>           Defendants. | CIVIL NO. CV01-00252 SPK KSC<br><br>DEFENDANT SERVCO PACIFIC INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PACIFIC EMPLOYERS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION PURSUANT TO FRCP 59(e), 60(b)(5), 60(b)(6) and LOCAL RULE 60, FILED JUNE 16, 2006; CERTIFICATE OF SERVICE<br><br><br>NON-HEARING MOTION |

**DEFENDANT SERVCO PACIFIC INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PACIFIC EMPLOYERS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION PURSUANT TO FRCP 59(e), 60(b)(5), 60(b)(6) and LOCAL RULE 60, FILED JUNE 16, 2006**

Servco Pacific Inc. ("Servco") opposes Pacific Employers Insurance Company's ("PEIC") Motion for Reconsideration filed June 16, 2006 ("Motion") as an untimely and meritless effort by PEIC to disturb the order granting summary judgment to Island Insurance Company, Limited ("Island"). While the instant dispute is between PEIC and Island, Servco's excess and primary insurers, respectively, Servco urges the Court to reject PEIC's attempt to upset settled matters in this case.

Given that the subject Order Granting in Part and Denying in Part Motions for Summary Judgment was filed on June 19, 2003 ("Order"), there is no question that PEIC's Motion is time-barred under Rule 59(e) of the Federal Rules of Civil Procedure ("F.R.C.P."), which requires motions for reconsideration of a judgment to be filed no later than ten days after entry of judgment. A district court must abide by this mandatory limit. *See* Morris v. Unum Life Ins. Co., 430 F.3d 500, 502 (5th Cir. 2005) ("That time limit is mandatory").

Likewise, the Motion is untimely under Local Rule 60.1, which requires motions for reconsideration of interlocutory orders based on manifest error of law or fact to be filed no later than ten business days after the filing of the written order.

Substantively, PEIC raises no grounds under either F.R.C.P. 60(b)(5) or 60(b)(6) to warrant reexamination of the Order. F.R.C.P. 60(b)(5) permits a court to relieve a party from a final judgment, order or proceeding if it is no longer

equitable that the judgment should have prospective application. However, such relief may only be granted "cautiously and sparingly" in "unusual and exceptional instances." Application of Boeing Airplane Company, 23 F.R.D. 264, 265 (D.D.C. 1959). Moreover, F.R.C.P. 60(b)(6), the "catch-all" provision, is "reserved for extraordinary circumstances." Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986).

Under these standards, PEIC's attack on the Order lacks merit, as courts have rejected attempts by excess carriers to disturb the finality of settlements between an insured and its primary carrier. *See, e.g.*, Stargatt v. Fidelity and Casualty Co., 67 F.R.D. 689 (D.Del. 1975) (rejecting excess carrier's argument that below-limits settlement of underlying coverage affects duty of excess insurer to provide coverage); Teigen v. Jelco of Wisconsin, Inc., 367 N.W.2d 806 (Wis. 1985) (same); Drake v. Ryan, 514 N.W.2d 785 (Minn. 1994) ; Gould, Inc. v. Arkwright Mutual Insurance Co., 1995 WL 807071 (M.D. Pa. 1995); Zeig v. Massachusetts Bonding & Ins. Co., 23 F.2d 665 (2d Cir. 1928). PEIC's Motion raises neither exceptional or extraordinary circumstances, but instead presents well-worn arguments which are routinely dismissed by the courts. This Court should follow suit and deny the Motion.

DATED:  Honolulu, Hawai'i, June 27, 2006.

    /s/ REX Y. FUJICHAKU
MARGERY S. BRONSTER
REX Y. FUJICHAKU
JAMES R. MURRAY
Attorneys for Defendant
SERVCO PACIFIC INC.

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SERVCO PACIFIC INC., a Hawaiʻi corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaiʻi corporation,<br><br>    Defendants. | CIVIL NO. CV01-00252 SPK KSC<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE
---

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses on June 27, 2006:

Served Electronically through CM/ECF:
---

    W. THOMAS FAGAN, ESQ.        wtf@roplaw.com
    KELVIN H. KANESHIRO, ESQ.    khk@roplaw.com
        Attorneys for Plaintiff
        PACIFIC EMPLOYERS INSURANCE COMPANY

    ROY F. HUGHES, ESQ.           rhughes@hughestaosaka.com
        Attorneys for Defendant
        ISLAND INSURANCE COMPANY, LTD.

Served via First Class Mail or Hand Delivery:

BRUCE N. TELLES, ESQ.
JOHN CONWAY, ESQ.
Berman & Aiwasian
725 South Figueroa Street, Suite 1025
Los Angeles, California 90017-1534

ROBERT J. ROMERO, ESQ.
Hinshaw & Culbertson
244 Jackson Street, Suite 300
San Francisco, California 94111

    Attorneys for Plaintiff
    PACIFIC EMPLOYERS INSURANCE COMPANY

DATED:    Honolulu, Hawai'i, June 27, 2006.

    /s/ REX Y. FUJICHAKU
    MARGERY S. BRONSTER
    REX Y. FUJICHAKU
    JAMES R. MURRAY
    Attorneys for Defendant
    SERVCO PACIFIC INC.