BRONSTER CRABTREE & HOSHIBATA
A Law Corporation

MARGERY S. BRONSTER            4750
REX Y. FUJICHAKU               7198
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: 808-524-5644
Facsimile: 808-599-1881
mbronster@bchlaw.net
rfujichaku@bchlaw.net

JAMES R. MURRAY (*Pro Hac Vice*)
Gordon Murray Tilden
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
jmurray@gmtlaw.com

Attorneys for Defendant
SERVCO PACIFIC INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | | |
|---|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation, | ) ) ) | CIVIL NO.  CV01-00252 SPK KSC |
| Plaintiff, | ) ) ) | DEFENDANT SERVCO PACIFIC INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF |
| v. | ) ) ) | PACIFIC EMPLOYERS INSURANCE COMPANY'S |
| SERVCO PACIFIC INC., a Hawai‘i corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawai‘i corporation, | ) ) ) ) ) | REQUEST FOR RELIEF FROM CERTAIN PORTIONS OF FIFTH AMENDED RULE 16 SCHEDULING ORDER, FILED AUGUST 3, 2006**;** CERTIFICATE OF SERVICE |
| Defendants. | ) ) | |
| | ) ) ) ) | Hearing Date: September 8, 2006 Time: 9:30 a.m. Judge: Hon. Kevin S. Chang |
| | ) | |

DEFENDANT SERVCO PACIFIC INC.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF PACIFIC EMPLOYERS INSURANCE COMPANY'S
REQUEST FOR RELIEF FROM CERTAIN PORTIONS OF FIFTH
AMENDED RULE 16 SCHEDULING ORDER, FILED AUGUST 3, 2006

Servco Pacific Inc. ("Servco") opposes Pacific Employers Insurance

Company's ("PEIC") request for relief from the Fifth Amended Rule 16

Scheduling Order filed August 3, 2006 ("Request for Relief").  In essence, PEIC

seeks permission to relitigate matters which have been disposed of in summary

judgment in favor of Servco and Island Insurance Company, Ltd. ("Island") by

seeking to reopen the lapsed deadline to amend PEIC's complaint with additional

claims of quasi-contract, accounting, and equitable subrogation/contribution

against Island.  Exhibit A to Request for Relief ¶¶ 40-55.  Additionally, PEIC

seeks to conduct further discovery on the additional claims.

Enough is enough.  At bottom, PEIC is trying to amend its complaint

with claims and theories relating to the issue of "exhaustion" of the Island primary

policy.  The District Court correctly rejected the basis of these claims when it

recently denied PEIC's unsuccessfully motion for reconsideration of the Order

Granting in Part and Denying in Part Motions for Summary Judgment filed on

June 19, 2003 (Pacific Employers Ins. Co. v. Servco Pacific Inc., 273 F.Supp.2d

1149 (D. Haw. 2003)) ("Summary Judgment Order").  *See* Order Denying

Plaintiff's Motion For Reconsideration filed July 11, 2006 ("Order Denying

Reconsideration").

Having lost its reconsideration motion, PEIC seeks a second bite at

the apple by repeating its rejected allegations against Island in a proposed

amendment to its complaint.  This Court should shut the door on this belated

attempt by PEIC to dredge up meritless claims and should deny the Request for

Relief.

  1.  **PEIC Fails to Establish Good Cause In Justifying Relief From the Scheduling Order, Where Its Alleged "New Circumstances" Were Foreseen When the District Court Granted Summary Judgment In Favor of Island.**

   PEIC must overcome two sets of inquiries for its Request for Relief to

be approved, one under Rule 16(b), F.R.C.P., and another under Rule 15(a),

F.R.C.P.  Because the Court had issued the Fifth Amended Rule 16 Scheduling

Order filed May 23, 2006 ("Scheduling Order"), PEIC must first make a showing

that "good cause" exists for the modification of or relief from the Scheduling

Order.  F.R.C.P. 16(b);[1] Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608

(9th Cir. 1992).  Rule 16(b)'s "good cause" inquiry "primarily considers the

diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.

   Here, PEIC fails to satisfy this standard.  PEIC argued that "new

circumstances" have developed since the stay of the action by the District Court in

July 2003 which justify its request for relief at this late stage of the litigation.

Request for Relief ¶ 5.  These "new circumstances" allegedly include the

resolution of the underlying Servco Pacific Inc. v. Dods environmental litigation,

PEIC's provision of a defense for Servco in the environmental action, and

"Island's receipt of a benefit" by PEIC's provision of the defense.  Id.  However,

---

[1] Rule 16(b), F.R.C.P., provides in pertinent part that, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."

all of these occurrences were foreseen when the District Court issued its Summary

Judgment Order back in June 19, 2003, which held that (a) PEIC owed a duty to

defend Servco in the environmental litigation and (b) the November 21, 2000,

Servco-Island settlement agreement exhausted the Island primary policy and

"PEIC would not be entitled to equitable subrogation from Island regardless of the

outcome of the dispute between PEIC and Servco."  Summary Judgment Order,

273 F.Supp.2d at 1156, 1158.

Indeed, the District Court rejected PEIC's characterization of "new

circumstances" in denying PEIC's motion for reconsideration of the Summary

Judgment Order:

> Having considered the circumstances and posture of the
> case again, the Court remains of the opinion as stated in the
> order of June 19, 2003, that Island Insurance Company's
> primary policy was "exhausted" for purposes of triggering
> excess coverage.  PEIC's present motion is based in large
> part upon paragraph 4 of the November 21, 2000,
> settlement agreement and release between Servco Pacific
> Inc. and Island Insurance Company.  That document was
> part of the record in 2003, and was considered by the Court
> in making its June 19, 2003, decision regarding whether
> the primary policy was "exhausted."  The Court's opinion
> has not changed.

Order Denying Reconsideration, at 2.

Thus, even taking into account the period during the stay, good cause

cannot exist where the purported "new circumstances" were foreseen or should

have been foreseen months prior to the filing of the Scheduling Order, and where

PEIC was not diligent in seeking to modify the pleading amendment and discovery

cutoff deadlines.  *See, e.g.*, Jackson v. Laureate, Inc., 186 F.R.D. 605, 609 (E.D.

Cal. 1999) (denying motion to amend complaint where, *inter alia*, plaintiff failed to show inability to comply with scheduling order resulted from "having become aware of information that she could not have reasonably foreseen at the time the Rule 16 Scheduling Order became final."). Under the Ninth Circuit's standard as set forth in <u>Johnson</u>, PEIC lacks the good cause necessary for its Request to be granted.

> **2.    PEIC Fails to Show Leave to Amend Its Complaint Is Justified Where It Would Prejudice Island and Servco, Produce Undue Delay in Resolving the Action, and Be Futile.**

Even if PEIC were to satisfy the standard of "good cause" to modify the Scheduling Order under F.R.C.P. 16(b), it still must meet the requirements of F.R.C.P. 15(a) if it wishes to amend its complaint. While a plaintiff may apply for leave to amend a pleading pursuant to F.R.C.P. 15(a), a court may deny leave to amend the pleading where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 445 F.3d 1132, 1136 (9th Cir. 2006), citing <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir. 1999).[2]

> **A.    Prejudice**

To permit PEIC to amend its complaint with unsubstantiated allegations against Island at this point of the litigation would unfairly prejudice Island, where the District Court has ruled on summary judgment in favor of Island

---

[2] The Ninth Circuit has also on occasion considered whether the plaintiff had previously amended the complaint. *See* <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2003), citing <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).

on the same issues.  As the District Court stated in the Order Denying

Reconsideration, it had already taken into account PEIC's argument of "new

circumstances" which would allegedly affect "exhaustion" of the primary policy,

and thus reaffirmed its grant of summary judgment in favor of Island.  *See* Order

Denying Reconsideration at 2.

        In Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 306-07

(6th Cir. 2000), the appeals court affirmed the district court's denial of the

plaintiff's motion for leave to file an amended complaint, holding that the

defendants would suffer prejudice where the court had granted summary judgment

to the defendants and denied the plaintiff's motion for reconsideration.  In this

case, the District Court has granted summary judgment to Island, and has recently

denied PEIC's motion for reconsideration.  The same prejudice that animated the

Parry court to affirm the denial of leave to amend the complaint will be suffered

by Island in this case.

        Moreover, PEIC's request also contemplates further discovery in

relation to such additional claims.  Request for Relief ¶ 18.  Given that the

discovery cutoff has passed, Servco and Island would be unfairly prejudiced by

the burden of responding to additional discovery requests from PEIC.

        The courts have denied motions to amend a complaint where it would

trigger additional discovery just before the discovery cutoff.  For example, the

Ninth Circuit in Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1987

(9th Cir. 2002) affirmed the district court's denial of leave to amend the complaint

where the request for leave was filed only several days before discovery cutoff, less than three months before trial, and the additional causes of action would have required further discovery.  "The requirement of additional discovery would have prejudiced [defendant] and delayed the proceedings." Id.  *See also* Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming district court's denial of motion to amend pleadings filed on eve of discovery deadline); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (allowing amendment would create prejudice to defendants in having to reopen discovery and prepare a defense for claim quite different than one that was before the court).  Here, the discovery cutoff has passed, and, *a fortiori*, the prejudice to Island and Servco would be greater.

### B.    Undue delay

Although F.R.C.P. 15(a) provides that a district court shall freely grant leave to amend a complaint when justice so requires, the party requesting leave must "act with due diligence if it wants to take advantage of the Rule's liberality."  Parry, *supra*, 236 F.3d at 306-07, quoting United States v. Midwest Suspension & Brake, 49 F.3d 1197, 1202 (6th Cir. 1995).  In evaluating undue delay, the court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen, 445 F.3d at 1137, citing Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990).

For the same reasons PEIC fails to show good cause meriting relief from the Scheduling Order under Rule 16(b), PEIC's delay in requesting leave to amend the complaint is unsupportable under this factor. PEIC "knew or should have known" about the purported "new circumstances" which PEIC claims warrants the amendment of the complaint at this juncture. <u>AmerisourceBergen</u>, 445 F.3d at 1137. This tardy request from PEIC should be rejected.

### C.    Futility

The court may deny leave to amend the complaint where "the pleading could not possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000). The Ninth Circuit has not hesitated to uphold the denial of leave where amending the complaint would be a futile exercise. *See, e.g.*, <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002) (observing that because "any amendment would be futile, there was no need to prolong the litigation by permitting further amendment"); <u>Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding futile amendments should not be permitted); <u>Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 991 (9th Cir. 1999) (denying leave to amend because defects in pleadings could not be cured by amendment).

As stated above, PEIC claimed "new circumstances" have been rejected by the District Court as a basis for the reconsideration of summary judgment in favor of Island. PEIC simply is attempting to reallege and reargue its rejected arguments concerning the exhaustion of the Island primary policy.

For the foregoing reasons, Servco requests that the Court deny PEIC's Request for Relief.

DATED:  Honolulu, Hawaiʻi, August 21, 2006.

 /s/ REX Y. FUJICHAKU
MARGERY S. BRONSTER
REX Y. FUJICHAKU
JAMES R. MURRAY

Attorneys for Defendant
SERVCO PACIFIC INC.

9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation, | ) ) ) | CIVIL NO.  CV01-00252 SPK KSC |
| Plaintiff, | ) ) | CERTIFICATE OF SERVICE |
| v. | ) ) | |
| SERVCO PACIFIC INC., a Hawaiʻi corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaiʻi corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses on August 21, 2006:

Served Electronically through CM/ECF:

W. THOMAS FAGAN, ESQ.              wtf@roplaw.com
KELVIN H. KANESHIRO, ESQ.         khk@roplaw.com
    Attorneys for Plaintiff
    PACIFIC EMPLOYERS INSURANCE COMPANY

ROY F. HUGHES, ESQ.               rhughes@hughestaosaka.com
    Attorneys for Defendant
    ISLAND INSURANCE COMPANY, LTD.

<u>Served via First Class Mail or Hand Delivery:</u>

BRUCE N. TELLES, ESQ.
JOHN CONWAY, ESQ.
Berman & Aiwasian
725 South Figueroa Street, Suite 1025
Los Angeles, California 90017-1534

ROBERT J. ROMERO, ESQ.
BRADLEY M. ZAMCZYK, ESQ.
Hinshaw & Culbertson
One California Street, 18th Floor
San Francisco, California 94111

  Attorneys for Plaintiff
  PACIFIC EMPLOYERS INSURANCE COMPANY

  DATED:  Honolulu, Hawai'i, August 21, 2006.


      /s/ REX Y. FUJICHAKU
    MARGERY S. BRONSTER
    REX Y. FUJICHAKU
    JAMES R. MURRAY
    Attorneys for Defendant
    SERVCO PACIFIC INC.

2