ORIGINAL

HUGHES & TAOSAKA
Attorneys at Law
A Law Corporation

ROY F. HUGHES          1774-0
CATHERINE L. AUBUCHON 7661-0
1001 Bishop Street
Suite 900, Pauahi Tower
Honolulu, Hawaii  96813
Telephone:  808-526-9744
Facsimile:  808-521-7489
Attorneys for Defendant
Island Insurance Company, Ltd.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 21 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation,<br><br>           Plaintiff,<br><br>  vs.<br><br>SERVCO PACIFIC, INC., a Hawaii Corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaii Corporation,<br><br>          Defendants. | ) CIVIL NO. CV01-00252 SPK-<br>) KSC<br>)<br>)<br>) DEFENDANT ISLAND INSURANCE<br>) COMPANY, LTD.'S OBJECTION<br>) AND OPPOSITION TO<br>) PLAINTIFF PACIFIC<br>) EMPLOYERS INSURANCE<br>) COMPANY'S REQUEST FOR<br>) RELIEF FROM CERTAIN<br>) PORTIONS OF FIFTH AMENDED<br>) RULE 16 SCHEDULING ORDER<br>) FILED ON AUGUST 3, 2006;<br>) DECLARATION OF CATHERINE<br>) L. AUBUCHON; EXHIBITS "1"<br>) AND "2"; CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>) |

```
                                   )
                                   )  DATE:  Sept. 8, 2006
                                   )  TIME:  9:30 a.m.
                                   )  JUDGE: Hon. Kevin S.C.
_____    )    Chang
```

DEFENDANT ISLAND INSURANCE COMPANY, LTD.'S OBJECTION
AND OPPOSITION TO PLAINTIFF PACIFIC EMPLOYERS
INSURANCE COMPANY'S REQUEST FOR RELIEF FROM CERTAIN
PORTIONS OF FIFTH AMENDED RULE 16 SCHEDULING ORDER
FILED ON AUGUST 3, 2006

Defendant Island Insurance Company, Ltd.,

("Island") by and through its attorney above-named,

hereby objects and opposes Plaintiff Pacific

Employers Insurance Company's ("PEIC") Request for

Relief from Certain Portions of Fifth Amended Rule

16 Scheduling Order filed on August 3, 2006.

I.    **BACKGROUND**

        PEIC, without reference to or reliance

upon a governing rule, requests relief from

paragraph 5 of the Fifth Amended Rule 16 Scheduling

Order which precludes amendments to pleadings and

paragraph 12 of the Fifth Amended Rule 16

Scheduling Order, which precludes further

2

discovery.   Island objects to the manner in which

PEIC has submitted its request and opposes the

relief sought.

In PEIC's Complaint for Declaratory

Judgment, Contribution, and Indemnity, Demand for

Jury Trial by Jury, filed on April 19, 2001, it

sought:

    1.   Declaratory relief as against Servco
          and Island;

    2.   Contribution from Island; and

    3.   Indemnity from Island.

*See* Complaint dated April 19, 2001 (Document No.

1).

In the June 19, 2003 Order Granting in

Part and Denying in Part Motions for Summary

Judgment, the Court expressly held that PEIC is not

entitled contribution or subrogation from Island:

> Therefore, Island is entitled to
> summary judgment.  The November
> 21, 2001 settlement having
> exhausted the primary policy, PEIC
> would not be entitled to equitable
> subrogation from Island regardless

3

> of the outcome of the dispute
> between PEIC and Servco. Island's
> motion for summary judgment is
> GRANTED.

Order dated June 19, 2003 (Document No. 125) at 13.

Considering all the facts and applicable law, the

Court determined that Island's primary policy

limits had been exhausted and PEIC's duty to defend

was triggered:

> Regardless of whether the ultimate
> amount of indemnity costs are
> still open and continuing to
> mount, it is certain that the
> primary indemnity limits are
> exhausted, i.e., that Island has
> paid over $500,000 in amounts for
> "property damage." In any event,
> the real question for purposes of
> exhaustion is whether the $1.5
> million settlement, when
> considering all its particulars,
> exhausted the primary indemnity
> limits. As set forth above, the
> answer is yes.

Id. (Document No. 125) at 12, fn. 7.

Following the Order, PEIC filed Motions

for Reconsideration, Rule 54 (b) Certification and

for Immediate Appeal, opposed, in part, by Island.

See Document Nos. 128, 129, 130 and 132. PEIC and

the insured Servco Pacific, Inc. ("Servco") later

agreed to "stay" their dispute pending negotiations

in the underlying environmental litigation.  *See*

Document Nos. 138 and 140.

Following the disposition of the

environmental action, the Court issued an Order to

Show Cause Why Case Should Not Be Dismissed,

requesting written submittals on substantive issues

and permitting a further status conference with

Magistrate Judge Kevin S.C. Chang on remaining

matters (such as Servco's outstanding fee claims).

See Order dated March 22, 2006 (Document No. 146).

PEIC requested a status conference.  PEIC's counsel

W. Thomas Fagen and John C. Conway, newly admitted

*pro hac vice* counsel, were present for that status

conference, at which time, without objection and

effectively waiving the requests asserted here, new

deadlines and conditions were announced which were

then placed into the Fifth Amended Rule 16

Scheduling Order.  *See* Order, EP, and Fifth Amended

Rule 16 Scheduling Order (Document Nos. 153, 154 and 155).

On June 16, 2006, PEIC filed another motion for reconsideration requesting that the Summary Judgment in favor of Island be reconsidered on the issues of contribution and indemnity. *See* Notice (Document No. 156). The motion was denied. *See* Order (Document No. 159).

## II. ARGUMENT

PEIC's request for relief is an impermissible attempt to amend its pleading and to pursue discovery on moot issues. Firstly, PEIC fails to provide any authority or rule that would allow it to amend its pleadings or pursue further discovery at this juncture and given the procedural posture. Also, the proposed Supplemental Complaint for Quasi Contract, Accounting and Equitable Subrogation and/or Equitable Contribution is inconsistent with the Summary Judgment granted in

6

favor of Island three years ago and the denial of
PEIC's multiple requests for reconsideration.

A review of the grounds for the request
for relief shows PEIC is attempting to circumvent
the decision of the Court that Island's policy was
"exhausted" with the settlement reached with
Servco, and that the "duty to defend" provisions of
the PEIC policy were triggered.  PEIC is attempting
to relitigate old issues.  The Court has already
ruled that PEIC is not entitled to subrogation or
contribution from Island.  Accordingly, Island
opposes the request that PEIC be permitted to amend
the pleadings or reopen discovery.

The other claims or causes of action that
PEIC seeks to add are quasi-contract and
accounting.  An accounting is not an independent
cause of action, but is an equitable remedy.  *See*
State Farm Mutual Automobile Insurance Co. v. All-
Care Chiropractic, 2004 WL 1047827 (E.D.Pa. 2004);
Koken v. Aon Risk Services, Inc., 2006 WL 90068

(E.D.Va. 2006) (constructive trust and accounting were dismissed because they are equitable remedies, not separate causes of action).  The request to supplement the complaint with accounting should not be permitted, because it is not a cause of action.

The purported basis for the quasi contract claim is that Island realized a benefit at the expense of PEIC.  However, as the Court has already explained, PEIC's duty to defend Servco was exactly what it contracted to do under the excess policy:

> Importantly, Servco concedes that PEIC is entitled to a set off of $500,000, representing the limits of Island's indemnity coverage, for any indemnity recovery Servco would be entitled to under the PEIC policy. Similarly, Servco seeks defense costs only from the date of the settlement (November 21, 2000). Effectively, Servco would give PEIC a credit of all defense costs incurred before PEIC's excess duty to defend triggered.  That is, PEIC -- because the primary has been exhausted -- is not prejudiced because if it must defend it would be doing only what it has contracted to do.

8

Order (Document No. 125) at 13.  Island fulfilled

its obligations under the primary policy and

exhausted the policy limits, and PEIC as the excess

carrier fulfilled its contractual obligations by

providing Servco with a defense.  No one was

unjustly enriched.  There is no legitimate basis

for the quasi contract claim.

If permitted, opening of discovery would

be at odds with the Summary Judgment granted to

Island and conflicts with the present posture of

the case, which is the allocation and payment of

fees and costs owed by PEIC to Servco and Island.

Island and Servco have suggested a further

settlement conference to bring closure to these

remaining claims.  *See* correspondence from counsel

for Island and Servco to PEIC dated July 19, 2006

and August 4, 2006, attached hereto as Exhibits 1

and 2.

## II. CONCLUSION

Island urges the denial of the relief sought by PEIC and requests the award of fees and expenses in resisting the instant motion.

DATED: Honolulu, Hawaii, ___AUG 2 1 2006___.

ROY F. HUGHES
CATHERINE L. AUBUCHON
Attorneys for Defendant
Island Insurance Company,
Ltd.