W. Thomas Fagan
Kelvin H. Kaneshiro
Reinwald, O'Connor & Playdon LLP
Pacific Guardian Center – Makai Tower
733 Bishop Street, 24th Floor
Honolulu, HI 96813-4070
Telephone: (808) 524-8350
Facsimile: (808) 531-8628

Bruce N. Telles (*pro hac vice*)
John C. Conway (*pro hac vice*)
Berman & Aiwasian
725 South Figueroa Street, Suite 1050
Los Angeles, CA 90017
Telephone: (213) 833-3200
Facsimile: (213) 833-3230

Robert J. Romero (*pro hac vice*)
Hinshaw & Culbertson
244 Jackson Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 362-6000
Facsimile: (415) 834-9070

Attorneys for Plaintiff and Counterclaim Defendant
PACIFIC EMPLOYERS INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SERVCO PACIFIC INC., a Hawaii Corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaii Corporation,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | CIVIL NO: CV01-00252 SPK-KSC<br><br>**PLAINTIFF PACIFIC EMPLOYERS INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' OPPOSITIONS TO ITS REQUEST FOR RELIEF FROM CERTAIN PORTIONS OF FIFTH AMENDED RULE 16 SCHEDULING ORDER; CERTIFICATE OF SERVICE**<br><br><u>Hearing:</u><br>Date: September 8, 2006<br>Time: 9:30 a.m.<br>Judge: Hon. Kevin S. C. Chang |

## RESPONSE TO DEFENDANTS' OPPOSITIONS TO REQUEST FOR RELIEF FROM CERTAIN PORTIONS OF FIFTH AMENDED RULE 16 SCHEDULING ORDER

Pacific Employers Insurance Company ("PEIC") requests relief from certain, limited portions of the most recent amended scheduling order in this matter. Both Servco, Inc. ("Servco") and Island Insurance Company, Ltd. ("Island") have filed oppositions to PEIC's request. It is within the sound discretion of the Court to grant each of PEIC's requests, and PEIC has set forth sufficiently the grounds upon which its requests are based.

PEIC's request for relief arises largely from the fact that this action was stayed for a period of three years. Since that time, facts and circumstances have developed that affect this litigation. Accordingly, PEIC should be permitted to: (i) obtain discovery of facts that could not have been discovered before the stay was entered; and (ii) have leave to file a supplemental complaint[1] on the ground that the facts upon which its causes of action are based are related sufficiently to this action so that judicial economy would be served by permitting the claims to be addressed in this lawsuit.

A.  **The Court Should Permit Additional Discovery**

---

[1] PEIC seeks leave of the scheduling order in connection with this request because it is not clear to PEIC whether the cutoff for amended complaints might be viewed broadly by the Court to apply to *any* additional pleadings in this case.

Both oppositions oppose additional discovery. But neither opposition explains how it would be fair or just to require PEIC to defend itself against Servco's cross complaint at trial, yet be barred from taking discovery of any fact that has developed in the past three years, if such facts were to be offered into evidence at trial by Servco or Island. It is a matter of fairness and common sense that some discovery must be allowed, unless the Court intends to bar from trial any fact or evidence coming into existence after July 2003.

B.   **The Court Should Allow PEIC To File A Supplemental Complaint**

Both defendants confuse the concept of a supplemental complaint with that of an amended complaint. An amended complaint modifies a previously filed pleading based on facts that existed at the time the action was filed. A supplemental complaint asserts causes of action that arise after the commencement of a lawsuit. See Keith v. Volpe, 858 F.2d 467, 468 (9th Cir. 1988); Fed. R. Civ. P. 15(d). Causes of action asserted in a supplemental complaint are distinguishable from those in amended complaints because they are not tied inextricably to the causes of action in the original complaint. Keith, 858 F.2d at 474 ("While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction.") Rather, they

3

stand on their own, apart from the allegations and claims asserted in an original complaint, and may be asserted in an entirely separate lawsuit.

Courts nevertheless permit supplemental complaints, rather than requiring separate actions, because the facts and issues interrelate with those arising in the original lawsuit. Keith, 858 F.2d at 473; Quarantino v. Tiffany & Co., 71 F.3d 58, 66 (2nd Cir. 1995). In this case, PEIC seeks leave to file a supplemental complaint. Its causes of action are based on facts and circumstances arising after the original complaint in this action. Because PEIC seeks leave to file a supplemental complaint—wwhich leave is subject to the sound discretion of the Court, and guided by questions of judicial economy—Servco's and Island's argument that PEIC has not satisfied Federal rules governing amended complaints is irrelevant.

Both oppositions argue that the summary judgment ruling in this case precludes the causes of action set forth in the proposed supplemental complaint. But the summary judgment rulings were necessarily based on the facts and circumstances pertaining to the causes of action asserted in the then-operative complaint and cross complaints. PEIC sought reconsideration of those rulings, but the Court has not had an opportunity to opine as to the viability of PEIC's new causes of action, sounding in equity and arising from the previously identified later-developed facts.

### C.   PEIC Has Not Waived Its Right To Submit This Request

Island asserts in its opposition that PEIC "effectively waived" the present request because "deadlines and conditions were announced" without objection at the most recent status conference in this matter. What Island does not point out is that the deadlines at issue here -- the pleading cutoff and the discovery cutoff— were not discussed or "announced."[2] As the Court may recall, the dates discussed at the Status Conference were the motion cutoff and the trial date—both of which were set well into the future. There is no evidence of an express waiver as to any other issue—nor did such a waiver occur.

### D.   Conclusion

To the extent this matter is set for trial, it is inherently untenable that PEIC should be barred from obtaining discovery of facts that have developed over the past three years, as to which PEIC has had no opportunity to take discovery, but would nevertheless be a part of the subject matter of a trial. PEIC has had neither an opportunity to take such discovery, nor an opportunity, until now, to seek leave to take such discovery. Accordingly, PEIC respectfully requests that the Court

---

[2] Island's brief does not say specifically that these particular deadlines were discussed. Rather, Island implies it by speaking of "deadlines and conditions" generally. The implication is incorrect, and the argument is misguided.

grant at least limited discovery of matters that could not have been discovered over three years ago, before this matter was stayed.

DATED:   Honolulu, Hawaii, August 31, 2006.

REINWALD, O'CONNOR & PLAYDON LLP

By _/s/ W. Thomas Fagan_
W. Thomas Fagan
Attorneys for Plaintiff and Counterclaim
Defendant PACIFIC EMPLOYERS
INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SERVCO PACIFIC INC., a Hawaii Corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaii Corporation,<br><br>Defendant. | Civil No. CV01-00252 SPK-KSC<br><br>**CERTIFICATE OF SERVICE** |
| AND RELATED CROSS-ACTION. | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the foregoing document were duly served upon the following parties, in the manner described thereto, at their last-known addresses on the date indicated below:

| | | MAIL | HAND DELIVERY | FAX |
|---|---|---|---|---|
| Margery Bronster, Esq.<br>Crabtree & Bronster<br>2300 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, HI 96813 | Defendant<br>SERVCO PACIFIC INC. | | ☒ | |

|  | | MAIL | HAND DELIVERY | FAX |
|---|---|---|---|---|
| Roy F. Hughes, Esq.<br>Hughes & Taosaka<br>Pauahi Tower, Suite 900<br>1001 Bishop Street<br>Honolulu HI 96813 | Defendant<br>ISLAND<br>INSURANCE<br>COMPANY, LTD. | | ☒ | |
| James R. Murray<br>GORDON MURRAY TILDEN LLP<br>1001 4th Avenue, Suite 4000<br>Seattle, WA  98154-1007 | | | ☒ | |

DATED: Honolulu, Hawaii, August 31, 2006.

*/s/ W. Thomas Fagan*

W. THOMAS FAGAN
KELVIN H. KANESHIRO
Attorneys for Plaintiff and
Counterclaim Defendant PACIFIC
EMPLOYERS