BRONSTER CRABTREE & HOSHIBATA
A Law Corporation

| | |
|---|---|
| MARGERY S. BRONSTER | 4750 |
| REX Y. FUJICHAKU | 7198 |

2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: 808-524-5644
Facsimile: 808-599-1881
mbronster@bchlaw.net
rfujichaku@bchlaw.net

JAMES R. MURRAY (*Pro Hac Vice*)
Gordon Murray Tilden
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
jmurray@gmtlaw.com

Attorneys for Defendant
SERVCO PACIFIC INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SERVCO PACIFIC INC., a Hawaiʻi corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaiʻi corporation,<br><br>    Defendants.<br><br>_____ | CIVIL NO. CV01-00252 SPK KSC<br><br>DEFENDANT SERVCO PACIFIC INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF AND COUNTERCLAIM DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S MOTION FOR CERTIFICATION OF IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b), FILED JULY 3, 2003; DECLARATION OF REX Y. FUJICHAKU; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>Non-Hearing Motion |

DEFENDANT SERVCO PACIFIC INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF AND COUNTERCLAIM DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S MOTION FOR CERTIFICATION OF IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b), <u>FILED JULY 3, 2003</u>

Servco Pacific Inc. ("Servco") opposes Pacific Employers Insurance Company's ("PEIC") Motion for Certification of Immediate Appeal Pursuant to 28 U.S.C. § 1292(b), filed July 3, 2003 ("1292(b) Motion"). In the instant case, judicial economy and controlling Ninth Circuit precedent compels that PEIC's 1292(b) Motion be denied. Because the remaining claims are factually and legally related to the duty to defend claim, which PEIC asks the Court to certify as ripe for appeal, the application of sound judicial administration calls for the entire case to be certified for appeal as a whole, and not in a piecemeal fashion. Given that trial on the remaining counts is only months away, judicial economy demands that § 1292(b) certification be denied.

When a party seeks a § 1292(b) interlocutory appeal, it must meet the certification requirements of the statute. These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); <u>In re Cement Antitrust Litigation (MDL No. 296)</u>, 673 F.2d 1020, 1026 (9th Cir. 1982).

In order to show a controlling question of law, the movant must show that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." <u>Id.</u>, 673 F.2d at 1026. The movant "has the burden

2

of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Id., quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Id., 673 F.2d at 1026 (citations omitted). However, under Ninth Circuit precedent, even if judicial resources may be spared by an interlocutory appeal, the district court is barred from certification if such certification is contrary to the requirement that a "controlling question of law" exists:

> The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases, and that the "controlling question of law" requirement be interpreted in such a way to implement this policy. Such precedent prohibits us from disregarding the "controlling question of law" requirement in the statute despite the fact that judicial resources might be saved by doing so.

Id., 673 F.2d at 1027 (citations omitted).

Here, PEIC fails to adequately demonstrate that a "controlling question of law" exists so that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id., 673 F.2d at 1026. Servco's remaining indemnity and bad faith claims are closely related, factually and legally, to the duty to defend claim whose certification for appeal is being sought by PEIC. Specifically, whether PEIC denied coverage to Servco in

3

bad faith is premised on whether PEIC improperly decided to deny Servco a defense. Were the Ninth Circuit to uphold the Court's ruling in the event it accepted § 1292(b) certification, an appeal of the outcome of the bad faith claim would necessarily require the appeals court to revisit the same set of facts and legal analysis pertaining to the duty to defend claim. Likewise, whether PEIC in bad faith denied Servco coverage is directly relevant to the appropriateness of the imposition of punitive damages against PEIC. Given the interlocking nature of the factual and legal underpinnings of the claims in this Action, judicial prudence calls for the Court to decline § 1292(b) certification.

PEIC argues that appeal of the "exhaustion" and "suit" issues related to the duty to defend claim, "<u>if decided in favor of PEIC</u>, will effectively terminate the case and avoid an expensive and unnecessary trial." Mem. in Support of Motion at 7 (underscoring added). What PEIC purposefully omits, however, is that the outcome of the case will not be "materially affected" if the appeal court endorses this Court's Order and decides in favor of Servco and Island Insurance Co. (which Servco fully expects). The same outcome would be true if the Ninth Circuit decides to affirm in part and reverse in part the Order.

Moreover, trial on the remaining claims will be delayed by the appeal of the duty to defend claim. If the remaining claims are tried and then appealed by the losing side, the appeals court would once again confront the issues relating to the duty to defend claim, which is integral to the remaining bad faith cause of action. The resulting delay would not "materially advance the ultimate

termination of the litigation." 28 U.S.C. § 1292(b). Judicial economy compels that all claims in this Action be certified for appeal as a whole in order to avoid wasteful duplication.

Further, the posture of the remaining claims in the Action counsels for resolution of all claims before the case is ripe for appeal. Final dispositive motions on the indemnity and bad faith claims are due by December 20, 2006, a month and a half away. See Minute Order filed May 19, 2006, attached as Exhibit "A". Trial is set for May 22, 2007. Id. Within a matter of months, all claims in the Action will be resolved. Given the integrated nature of the factual and legal underpinnings of the claims in this Action, judicial prudence calls for the Court to decline § 1292(b) certification.

Other courts have denied § 1292(b) certification under virtually identical circumstances. The insurer in Napa Community Redevelopment Agency v. Continental Insurance Co., 1995 WL 714363 (N.D. Cal. Nov. 17, 1995), requested § 1292(b) certification on a duty to defend claim, arguing that if the Ninth Circuit were to find no duty to defend, the insurer's bad faith claim would be eliminated. The court disagreed with that logic, observing that an expeditious path to trial rather than interlocutory appeal would be the better course:

> There is no guarantee that the Ninth Circuit will agree with Planet [the insurer]. If it does not, only one of several issues regarding Planet's liability will have been settled. Trial will still be necessary, and will have been unnecessarily delayed. Moreover, if as Planet contends, the only issue remaining to be decided is NCRA's [the insured] bad faith claim, <u>a trial might resolve that question more quickly than would an appeal to the Ninth</u>

>   <u>Circuit for a decision that may or may not be dispositive of the entire case.</u>  Therefore, Planet's motion to certify for appeal under Section 1292(b) is denied.

<u>Id.</u>, 1995 WL 714363 at *9 (underscoring supplied).

Likewise, in <u>Allstate Insurance Co. v. Canale</u>, 1998 WL 720166 (E.D. Pa. Sept. 4, 1998), the insurer sought to certify under § 1292(b) the question of whether the insurer had a duty to defend.  In support of its motion for certification that a "controlling question of law" existed, the insurer cited caselaw from various jurisdictions as to whether the type of insurance at issue violated public policy.  <u>Id.</u>, 1998 WL 720166 at *3.  Nevertheless, the court denied certification, finding that "this court has no ground for concluding that the delay involved in appealing this particular issue would materially advance the termination of this litigation."  <u>Id.</u>

For the foregoing reasons, PEIC's § 1292(b) Motion should be denied.

DATED: Honolulu, Hawai‘i, November 13, 2006.

>   /s/ R<small>EX</small> Y. F<small>UJICHAKU</small>
>   MARGERY S. BRONSTER
>   REX Y. FUJICHAKU
>   JAMES R. MURRAY
>
>   Attorneys for Defendant
>   SERVCO PACIFIC INC.

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SERVCO PACIFIC INC., a Hawai'i corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawai'i corporation,<br><br>Defendants. | CIVIL NO. CV01-00252 SPK KSC<br><br>DECLARATION OF REX Y. FUJICHAKU; EXHIBIT "A" |

### DECLARATION OF REX Y. FUJICHAKU

I, REX Y. FUJICHAKU, under penalty of perjury, state as follows:

1. I am an attorney licensed to practice law before all of the State and Federal Courts in the State of Hawaii and am one of the attorneys representing Servco Pacific Inc. in this case.

2. Attached as Exhibit "A" is a true and correct copy of Minute Order filed May 19, 2006.

I declare under penalty of perjury that the statements made herein are true and correct to the best of my knowledge, information and belief.

DATED: Honolulu, Hawai'i, November 13, 2006.

                                                      /s/ REX Y. FUJICHAKU
                                                      REX Y. FUJICHAKU

# EXHIBIT "A"

Case 1:01-cv-00252-SPK-KSC   Document 154   Filed 05/19/2006   Page 1 of 2

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

5/19/2006 4:30 pm

SUE BEITIA, CLERK

CASE NUMBER:      CV NO. 01-00252SPK-KSC

CASE NAME:        Pacific Employers Insurance, Company Vs. Servco Pacific Inc.,

ATTYS FOR PLA:    W. Thomas Fagan and John Conway

ATTYS FOR DEFT:   Margery Bronster
                  Roy Hughes

INTERPRETER:

JUDGE:   Kevin S. C. Chang          REPORTER:   None

DATE:    5/19/2006                  TIME:       8:56am-9:12am

COURT ACTION: EP: Status Conference-Regarding resetting of Trial Date, etc.-

Dates will be given as to Trial, Final PreTrial Conference Dates, Motions' Deadline and Trial Related Deadlines-

1.   Jury trial on May 22, 2007 at 9:30 a.m. before SPK
2.   Final Pretrial Conference on April 10, 2007 at 9:00 a.m. before KSC
3.   Final Pretrial Conference before District Judge N/A
4.   Final Pretrial Statement by April 3, 2007
5.   File motions to Join/Add Parties/Amend Pleadings by closed
6.   File other Non-Dispositive Motions by February 21, 2007
7.   File Dispositive Motions by December 20, 2006
8a.  File Motions in Limine by May 1, 2007
8b.  File opposition memo to a Motion in Limine by May 8, 2007
11a. Plaintiff's Expert Witness Disclosures by closed
11b. Defendant's Expert Witness Disclosures by closed
12.  Discovery deadline closed
13.  Settlement Conference set for   at   before   on call
14.  Settlement Conference statements by
20.  Submit Voir Dire Questions, Special Verdict Form, Concise Statement of Case and Jury Instructions by May 8, 2007



EXHIBIT "A"

21. File Final witness list by May 1, 2007
24. Exchange Exhibit and Demonstrative aids by April 24, 2007
25. Stipulations re: Authenticity/Admissibility of Proposed Exhibits by May 1, 2007
26. File objections to the Exhibits by May 8, 2007
28a. File Deposition Excerpt Designations by May 1, 2007
28b. File Deposition Counter Designations and Objections by May 8, 2007
29. File Trial Brief by May 8, 2007
30. File Findings of Fact & Conclusions of Law by N/A

Other Matters:

Submitted by Leslie L. Sai, Courtroom Manager

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation, ) ) ) | CIVIL NO. CV01-00252 SPK KSC |
| Plaintiff, ) ) | CERTIFICATE OF SERVICE |
| v. ) ) ) | |
| SERVCO PACIFIC INC., a Hawaiʻi corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaiʻi corporation, ) ) ) ) ) | |
| Defendants. ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses on November 13, 2006:

Served Electronically through CM/ECF:

    W. THOMAS FAGAN, ESQ.        wtf@roplaw.com
    KELVIN H. KANESHIRO, ESQ.    khk@roplaw.com
        Attorneys for Plaintiff
    PACIFIC EMPLOYERS INSURANCE COMPANY

    ROY F. HUGHES, ESQ.           rhughes@hughestaosaka.com
        Attorneys for Defendant
    ISLAND INSURANCE COMPANY, LTD.

Served via First Class Mail or Hand Delivery:

BRUCE N. TELLES, ESQ.
JOHN CONWAY, ESQ.
Berman & Aiwasian
725 South Figueroa Street, Suite 1025
Los Angeles, California 90017-1534

ROBERT J. ROMERO, ESQ.
BRADLEY M. ZAMCZYK, ESQ.
Hinshaw & Culbertson
One California Street, 18th Floor
San Francisco, California 94111

    Attorneys for Plaintiff
    PACIFIC EMPLOYERS INSURANCE COMPANY

    DATED: Honolulu, Hawai'i, November 13, 2006.

    /s/ REX Y. FUJICHAKU
    MARGERY S. BRONSTER
    REX Y. FUJICHAKU
    JAMES R. MURRAY
    Attorneys for Defendant
    SERVCO PACIFIC INC.