BRONSTER CRABTREE & HOSHIBATA
A Law Corporation

MARGERY S. BRONSTER            4750
REX Y. FUJICHAKU               7198
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: 808-524-5644
Facsimile: 808-599-1881
mbronster@bchlaw.net
rfujichaku@bchlaw.net

JAMES R. MURRAY (*Pro Hac Vice*)
Gordon Murray Tilden
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
jmurray@gmtlaw.com

Attorneys for Defendant
SERVCO PACIFIC INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>SERVCO PACIFIC INC., a Hawaiʻi corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaiʻi corporation,<br><br>            Defendants.<br><br>_____ | CIVIL NO.  CV01-00252 SPK KSC<br><br>DEFENDANT SERVCO PACIFIC INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF AND COUNTERCLAIM DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S MOTION FOR CERTIFICATION OF FINAL APPEALABLE JUDGMENT PURSUANT TO FRCP 54(b), FILED JULY 3, 2003**;** DECLARATION OF REX Y. FUJICHAKU; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>Non-Hearing Motion |

DEFENDANT SERVCO PACIFIC INC.'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF AND COUNTERCLAIM DEFENDANT
PACIFIC EMPLOYERS INSURANCE COMPANY'S MOTION FOR
CERTIFICATION OF FINAL APPEALABLE JUDGMENT
<u>PURSUANT TO FRCP 54(b), FILED JULY 3, 2003</u>

Servco Pacific Inc. ("Servco") opposes Pacific Employers Insurance Company's ("PEIC") Motion for Certification of Final Appealable Judgment Pursuant to FRCP 54(b), filed July 3, 2003 ("Rule 54(b) Motion"). Fed. R. Civ. P. 54(b) permits the Court at its discretion to direct the express entry of a final judgment as to fewer than all the claims in an Action "only upon the express determination that there is no just reason for delay[.]"

In this instance, judicial economy and controlling Ninth Circuit precedent compels that PEIC's Rule 54(b) Motion be denied. Because the remaining claims are factually and legally closely related to the duty to defend claim, which PEIC asks the Court to determine as ripe for appeal, the application of sound judicial administration calls for the entire case to await appeal as a whole, and not in a piecemeal fashion. Given that trial on the remaining counts is only months away, judicial economy demands that final judgment under Rule 54(b) be declined.

PEIC seeks entry of final judgment with respect to (1) the grant of partial summary judgment in favor of Servco for its claims against PEIC relating to the existence of a duty to defend, and (2) the grant of summary judgment in favor of Island Insurance Company ("Island") in regard to PEIC's claims against Island for equitable contribution and/or indemnity. Rule 54(b) Motion at 3. By the Order Granting In Part and Denying In Part Motions For Summary Judgment

2

filed June 19, 2003 ("Order"), the Court found that Island's primary policy covering Servco had properly exhausted, and, consequently, PEIC owed a duty to defend Servco in the underlying environmental litigation, <u>Servco Pacific Inc. v. Damon Estate, et al.</u>, Civ. No. 98-272 SPK/BMK, and state Department of Health matter. Servco has remaining counterclaims against PEIC for indemnity, bad faith, and punitive damages.[1]

A district court may direct entry of final judgment under Rule 54(b) on fewer than all claims in an action if two conditions are satisfied. First, the decision being considered must be a "'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" <u>Wood v. GCC Bend, LLC</u>, 422 F.3d 873, 878 (9th Cir. 2005), quoting <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

Second, there must be no just reason for delaying an appeal. <u>Id.</u> The court's decision to certify under Rule 54(b) "is left to the sound judicial discretion of the district court . . . . This discretion is to be exercised in the interest of sound judicial administration. <u>Id.</u> (internal quotation marks omitted), citing <u>Curtiss-Wright</u>, 446 U.S. at 8.

Precedent under the Ninth Circuit adheres strictly to the instruction of the U.S. Supreme Court that "[p]lainly, sound judicial administration does not

---

[1] In the Order, the Court also denied PEIC's motions for partial summary judgment on (1) Servco's claim that PEIC owed a duty to defend and indemnify Servco, and (2) Servco's claim for bad faith and punitive damages against PEIC. See Order at 21 (attached as Exhibit "A" to the Rule 54(b) Motion).

require that Rule 54(b) requests be granted routinely." Id., 422 F.3d at 879, quoting Curtiss-Wright, 446 U.S. at 10. "Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests is necessary to assure that application of the Rule effectively <u>preserves the historic federal policy against piecemeal appeals</u>." Id., 422 F.3d at 878 (internal quotations omitted, underscoring supplied), citing Curtiss-Wright, 446 U.S. at 8.

In Wood, *supra*, the Ninth Circuit reversed entry of final judgment by the district court of the plaintiff's wrongful constructive discharge claim under Rule 54(b) where the appealed claim was "closely related, factually and legally," to the remaining claims of discrimination and retaliation. Wood, 422 F.3d at 880. "We particularly scrutinize a district judge's rule 54(b) certification to prevent piecemeal appeals in cases which should be reviewed only as single units." Id., 422 F.3d at 879 (citations and internal quotation omitted).

In that case, the plaintiff's "legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts. This impacts the sound administration of justice. . . . .In these circumstances, the guiding principle is that 'a similarity of legal or factual issues will weigh heavily against entry of judgment under Rule 54(b).'" Id., 422 F.3d at 880, 882, quoting Morrison-Knudsen Co v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

The identical concerns of "successive appeals" which prompted the Ninth Circuit in Wood to vacate 54(b) certification in Wood are present in the

4

instant case. Servco's remaining indemnity and bad faith claims are "closely related, factually and legally," <u>Wood</u>, 422 F.3d at 880, to the duty to defend claim whose certification for appeal is being sought by PEIC. Specifically, whether PEIC denied coverage to Servco in bad faith is premised on whether PEIC improperly decided to deny Servco a defense. Were the Ninth Circuit to uphold the Court's ruling in the event of Rule 54(b) certification, an appeal of the outcome of the bad faith claim would necessarily require the appeals court to revisit the same set of facts and legal analysis pertaining to the duty to defend claim. Likewise, whether PEIC in bad faith denied Servco coverage is directly relevant to the appropriateness of the imposition of punitive damages against PEIC. Given the interlocking nature of the factual and legal underpinnings of the claims in this Action, judicial prudence calls for the Court to decline Rule 54(b) certification.

PEIC argues that certification for appeal of the duty to defend claim at this point, "<u>if decided in favor of PEIC</u>, will effectively terminate the case and avoid an expensive and unnecessary trial." Mem. in Support of Motion at 10 (underscoring added). What PEIC purposefully omits, however, are the expenses which would be unnecessarily incurred by the parties if the appeal court endorses this Court's Order and decides in favor of Servco and Island (which Servco fully expects). The same outcome would be true if the Ninth Circuit decides to affirm in part and reverse in part the Order.

Moreover, trial on the remaining claims will be delayed by the appeal of the duty to defend claim. If the remaining claims are ultimately tried and then

appealed by the losing side, the appeals court would once again confront the issues relating to the duty to defend claim, which is integral to the bad faith cause of action. Judicial economy compels that all claims in this Action be certified for appeal as a whole in order to avoid wasteful duplication.

Further, the posture of the remaining claims in the Action counsels for resolution of all claims before the case is ripe for appeal. Final dispositive motions on the indemnity and bad faith claims are due by December 20, 2006, a month and a half away. See Minute Order filed May 19, 2006, attached as Exhibit "A". Trial is set for May 22, 2007. Id. Within a matter of months, all claims in the Action will be resolved. Thus, a premature appeal certification of the duty to defend claim under Rule 54(b) would perforce run afoul of "the interest of sound judicial administration" and violate "the historic federal policy against piecemeal appeals." Wood, 422 F.3d at 878, quoting Curtiss-Wright, 446 U.S. at 8.

The district court for the Eastern District of California recently confronted the identical situation and prudently denied a request for certification under Rule 54(b). In Sierra Foothills Public Utility Dist. v. Clarendon America Insurance Co., 2006 WL 2085244 (E.D. Cal. July 25, 2006) (attached as Exhibit "B"), the defendant insurance carrier sought Rule 54(b) certification on a duty to defend claim; a bad faith claim against the insurer remained. The court, in denying certification, recognized how the clear overlap of the duty to defend and bad faith claims would lead to judicial inefficiency:

> The inquiry into the reasonableness of the insurer's conduct in denying a policy benefit requires the court to determine whether the legal position taken by the insurer was

>reasonable. This inquiry depends entirely on an analysis of legal precedent and statutory language. An appellate court reviewing the bad faith claim will have to review various aspects of California law regarding duty to defend and determine whether Clarendon [the insurer] reasonably decided to deny SFPUD [the insured] a defense. Such a determination substantially overlaps with the decision of whether the duty to defend existed at all. Thus an undeniable economy emerges to simultaneous appellate review of the duty to defend and bad faith issues, whereas piecemeal litigation of these issues is starkly inefficient. <u>This overlap of issues potentially subject to final judgment with those that would remain triggers the Ninth Circuit's elevated standard requiring that the district court enter judgment only to "avoid a harsh and unjust result."</u>
>
>Sierra Foothills, 2006 WL 2085244 at *6 (citations omitted, emphasis added).

The <u>Sierra Foothills</u> insurer also made the same argument as PEIC, asserting that consideration of the duty to defend claim by the appeals court would expedite the litigation. The court correctly rebuffed that argument:

>Essentially, Clarendon [the insurer] asks the court to enter judgment to take a chance that the court of appeals will reverse, expediting the litigation. The potential benefit the parties would enjoy from such a result would be avoidance of expending time and resources on litigation. No one has contended, however, that such expenditures impose a hardship on either of the parties. The cost of taking this chance on an early partial final judgment, however, is that any result short of reversal will likely delay completion of the litigation as a whole, including the indemnity issue. It is undisputed SFPUD [the insured] will be prejudiced by such a delay, by facing a judgment for which an indemnity decision may be years away. <u>The prudent course for the court to take at this stage is to go forward with the litigation to its completion, rather than proceeding piecemeal and gambling on a reversal. At the completion of litigation in the district court, all necessary appeals may be taken and decided together.</u>

Id., 2006 WL 2085244 at *7 (emphasis added). Accord, Horn v. Transcon Lines, Inc., 898 F.2d 589, 593-95 (7th Cir. 1990) (vacating Rule 54(b) judgment on duty to defend and indemnity claims where bad faith claim remained; "the overlap prevents a separate appeal"); Lottie v. West American Insurance Co., 408 F.3d 935, 940 (7th Cir. 2005) (vacating Rule 54(b) judgment on bad faith claim where "significant evidentiary overlap" with remaining breach of contract claim rendered Rule 54(b) judgment "inappropriate").

      In conclusion, this Court should reject PEIC's reasoning and deny its Rule 54(b) Motion.

      DATED: Honolulu, Hawai'i, November 13, 2006.

                                    /s/ REX Y. FUJICHAKU
                                MARGERY S. BRONSTER
                                REX Y. FUJICHAKU
                                JAMES R. MURRAY

                                Attorneys for Defendant
                                SERVCO PACIFIC INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SERVCO PACIFIC INC., a Hawaiʻi corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaiʻi corporation,<br><br>Defendants. | CIVIL NO. CV01-00252 SPK KSC<br><br>DECLARATION OF REX Y. FUJICHAKU; EXHIBIT "A" |

### DECLARATION OF REX Y. FUJICHAKU

I, REX Y. FUJICHAKU, under penalty of perjury, state as follows:

1. I am an attorney licensed to practice law before all of the State and Federal Courts in the State of Hawaii and am one of the attorneys representing Servco Pacific Inc. in this case.

2. Attached as Exhibit "A" is a true and correct copy of Minute Order filed May 19, 2006.

I declare under penalty of perjury that the statements made herein are true and correct to the best of my knowledge, information and belief.

DATED: Honolulu, Hawaiʻi, November 13, 2006.

                                         /s/ REX Y. FUJICHAKU
                                         REX Y. FUJICHAKU

**EXHIBIT "A"**

Case 1:01-cv-00252-SPK-KSC     Document 154     Filed 05/19/2006     Page 1 of 2

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

5/19/2006  4:30 pm

SUE BEITIA, CLERK

CASE NUMBER:     CV NO. 01-00252SPK-KSC

CASE NAME:       Pacific Employers Insurance, Company Vs. Servco Pacific Inc.,

ATTYS FOR PLA:   W. Thomas Fagan and John Conway

ATTYS FOR DEFT:  Margery Bronster
                 Roy Hughes

INTERPRETER:

---

JUDGE:   Kevin S. C. Chang         REPORTER:   None

DATE:    5/19/2006                 TIME:       8:56am-9:12am

---

COURT ACTION:  EP: Status Conference-Regarding resetting of Trial Date, etc.-

Dates will be given as to Trial, Final PreTrial Conference Dates, Motions' Deadline and Trial Related Deadlines-

1.   Jury trial on May 22, 2007 at 9:30 a.m. before SPK
2.   Final Pretrial Conference on April 10, 2007 at 9:00 a.m. before KSC
3.   Final Pretrial Conference before District Judge N/A
4.   Final Pretrial Statement by April 3, 2007
5.   File motions to Join/Add Parties/Amend Pleadings by closed
6.   File other Non-Dispositive Motions by February 21, 2007
7.   File Dispositive Motions by December 20, 2006
8a.  File Motions in Limine by May 1, 2007
8b.  File opposition memo to a Motion in Limine by May 8, 2007
11a. Plaintiff's Expert Witness Disclosures by closed
11b. Defendant's Expert Witness Disclosures by closed
12.  Discovery deadline closed
13.  Settlement Conference set for  at  before on call
14.  Settlement Conference statements by
20.  Submit Voir Dire Questions, Special Verdict Form, Concise Statement of Case and Jury Instructions by May 8, 2007



EXHIBIT "A"

21. File Final witness list by May 1, 2007
24. Exchange Exhibit and Demonstrative aids by April 24, 2007
25. Stipulations re: Authenticity/Admissibility of Proposed Exhibits by May 1, 2007
26. File objections to the Exhibits by May 8, 2007
28a. File Deposition Excerpt Designations by May 1, 2007
28b. File Deposition Counter Designations and Objections by May 8, 2007
29. File Trial Brief by May 8, 2007
30. File Findings of Fact & Conclusions of Law by N/A

Other Matters:

Submitted by Leslie L. Sai, Courtroom Manager

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California corporation, ) ) ) | CIVIL NO. CV01-00252 SPK KSC |
| Plaintiff, ) ) | CERTIFICATE OF SERVICE |
| v. ) ) | |
| SERVCO PACIFIC INC., a Hawaiʻi corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaiʻi corporation, ) ) ) ) ) | |
| Defendants. ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses on November 13, 2006:

Served Electronically through CM/ECF:

    W. THOMAS FAGAN, ESQ.        wtf@roplaw.com
    KELVIN H. KANESHIRO, ESQ.    khk@roplaw.com
        Attorneys for Plaintiff
        PACIFIC EMPLOYERS INSURANCE COMPANY

    ROY F. HUGHES, ESQ.           rhughes@hughestaosaka.com
        Attorneys for Defendant
        ISLAND INSURANCE COMPANY, LTD.

Served via First Class Mail or Hand Delivery:

BRUCE N. TELLES, ESQ.
JOHN CONWAY, ESQ.
Berman & Aiwasian
725 South Figueroa Street, Suite 1025
Los Angeles, California 90017-1534

ROBERT J. ROMERO, ESQ.
BRADLEY M. ZAMCZYK, ESQ.
Hinshaw & Culbertson
One California Street, 18th Floor
San Francisco, California 94111

    Attorneys for Plaintiff
    PACIFIC EMPLOYERS INSURANCE COMPANY

    DATED: Honolulu, Hawai'i, November 13, 2006.

    /s/ REX Y. FUJICHAKU
    MARGERY S. BRONSTER
    REX Y. FUJICHAKU
    JAMES R. MURRAY
    Attorneys for Defendant
    SERVCO PACIFIC INC.