IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SERVCO PACIFIC INC., a Hawaii Corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaii Corporation, <br><br> Defendants. | CIV. NO. 01-00252 SPK/KSC |

ORDER DENYING PLAINTIFF'S (1) MOTION FOR CERTIFICATION OF FINAL APPEALABLE JUDGMENT PURSUANT TO FRCP 54(B) AND (2) MOTION FOR CERTIFICATION OF IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(B)

By two motions noticed on October 20, 2006, Plaintiff and Counterclaim Defendant Pacific Employers Insurance Company (PEIC) seeks via either Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) certification or permission for an immediate appeal of this Court's order of June 19, 2003. The June 19, 2003, order granted in part and denied in part four motions for summary judgment or for judgment on the pleadings in this complicated matter of insurance coverage and bad faith. The June 19, 2003, order did not resolve all matters in the case (although Island Insurance

was dismissed as a party) and several issues, including bad faith and indemnity remain.

It has been over three years since the Court's order that PEIC seeks to appeal. The matter was stayed by agreement of the parties on July 28, 2003, while settlement negotiations ensued in the underlying case, Servco v. Damon Estate, Civ. No. 98-00272. The stay was not lifted until March of 2006. Although the past three-year delay might have been for good reason, a further two- or three-year delay for disposition by the Ninth Circuit Court of Appeals of a partial appeal to decide certain issues of law (whether under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b)) would serve little purpose. Judicial economy alone indicates that (1) an immediate appeal would not "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), and (2) there would not be "no just reason for delay" as is necessary under Rule 54(b) for certification. The Court is also convinced that the remaining claims are closely intertwined with the questions of law so as to make certification for an immediate appeal inappropriate. See, e.g., Lottie v. West American Ins. Co., 408 F.3d 935, 940 (7th Cir. 2005).

In a related matter, the Court notes that Defendant Island Insurance has lodged a proposed Judgment with the Clerk on October 24, 2006. Island Insurance is apparently attempting to have a final district court disposition as to its

involvement in this case. While the Court did grant Island Insurance's Motion for Summary Judgment in its June 19, 2003, order, Island Insurance has not filed its own motion for judgment under Fed. R. Civ. P. 54(b). A separate motion would be required before the Court would entertain whether or not to enter final judgment as to all claims against Island Insurance.

In sum, PEIC's Motions [docket entries 174 and 175] are DENIED.

IT IS SO ORDERED.

DATED: December 11, 2006.



_____
Samuel P. King
Senior United States District Judge