IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SERVCO PACIFIC, INC., a Hawaii Corporation; and ISLAND INSURANCE COMPANY, LTD., a Hawaii Corporation,<br><br>Defendants. | CIVIL NO. CV01-00252 SPK-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

**A. NATURE OF THE CASE**

Plaintiff Pacific Employers Insurance Company ("PEIC"), an excess carrier, brought this declaratory judgment action against its insured, Servco Pacific, Inc. ("Servco"), and Servco's primary insurance carrier, Island Insurance Company, Ltd. ("Island"), for declaratory relief with respect to an underlying environmental case which was also before the court in Servco Pacific, Inc. v. Damon Estate, et al., Civil No. 98-272 SPK/BMK, United States District Court for the District of Hawaii.

Island filed and prevailed on its motion for summary judgment against PEIC. Thereafter, the matter was stayed pending the outcome of the underlying environmental lawsuit. In

the interim, the parties in the underlying environmental action settled. The stay in this coverage matter has been lifted, and trial is scheduled for May 22, 2007. The remaining issues between Servco and PEIC regarding PEIC's duty to defend and bad faith were settled in April of 2007.

**B. CLAIMS WHICH ISLAND HAS PREVAILED UPON**

PEIC filed this declaratory relief action requesting, among other things, equitable subrogation, contribution and indemnity from Island. Docket No. 1. On February 26, 2003, Island filed a motion for summary judgment on the exhaustion of its policy limit through the $1.5 million settlement with Servco. Docket No. 66. PEIC and Servco also filed motions for summary judgment. Docket Nos. 60 and 69.

On June 19, 2003, the court entered an Order Granting in Part and Denying in Part Motions for Summary Judgment in which it granted Island's Motion for Summary Judgment. Docket No. 125. The Court concluded that Island had indeed exhausted its policy limits and, therefore, Island was entitled to summary judgment. In reaching its conclusion, the court made these findings:

- Island's primary policy had indemnity limits of $500,000;

- The $1.5 million settlement between Island and Servco was not a premature tender of indemnity limits and came

after Servco had already incurred at least $500,000 in remediation costs;

- Island paid $1.5 million to settle the coverage dispute with Servco and for release of all present and future environmental liabilities; nothing in the record indicates the settlement was collusive or not a result of good faith compromise; and

- Servco conceded that PEIC is entitled to a set off of $500,000, representing the limits of Island's indemnity coverage for any indemnity recovery Servco would be entitled to under the PEIC policy, and Servco seeks defense costs only from November 21, 2000, the date of the settlement.

Id. at 125.

According to the Court's order, PEIC is not entitled to equitable subrogation from Island regardless of the outcome of the dispute between PEIC and Servco. Thus, Island has undeniably prevailed on PEIC's claim for equitable subrogation from Island.

**C. CLAIMS AS TO WHICH ISLAND DID NOT PREVAIL UPON**

None. Island has prevailed on all claims.

**D. AUTHORITY FOR ATTORNEYS' FEES**

Island is entitled to attorneys' fees under HRS § 607-14 for prevailing in this declaratory relief action. See Chapman v. First Insurance Company of Hawaii, 255 F.Supp. 710, 712 (1966); AMFAC, Inc. v. Waikiki Beachcomber Investment Co., 74 Haw. 85, 134-35, 839 P.2d 10, 35 (1992) (holding that the

prevailing party in a declaratory judgment action "was entitled to recover attorney's fees ‘reasonably and necessarily incurred’"). See also Piedvache v. Knabusch, 88 Hawai’i 115, 119, 962 P.2d 374, 378 (1998).

In Chapman, supra, the United States District Court for the District of Hawaii held that a declaratory judgment action for benefits under an insurance policy arose out of assumpsit and, therefore, attorneys’ fees are recoverable by the insurance company under HRS § 219-14.[1]

The Hawaii Revised Statutes provides for an award of attorneys’ fees in assumpsit as follows:

> ATTORNEYS FEES IN THE NATURE OF ASSUMPSIT OR IN CONTRACT
>
> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorneys' fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be

[1] HRS § 219-14 was later amended and subsumed into HRS § 607-14 in 1972.

> reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment ....
> . . .

HRS § 607-14 (emphasis added).

In analyzing whether a claim is "in the nature of assumpsit" under HRS § 607-14, the Hawaii Supreme Court has said:

> "[A]ssumpsit" is "a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as ***quasi contractual*** obligations." *Schulz v. Honsador*, 67 Haw. 433, 435, 690 P.2d 279, 281 (1984) (emphasis added). In deciding whether to award fees under HRS § 607-14, the court must determine the nature of the lawsuit where both assumpsit and non-assumpsit claims are asserted in an action. *Id*. at 436, 690 P.2d at 282 (citation omitted).

TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999) (emphasis added). "[I]n ascertaining the nature of a proceeding on appeal, this court has looked to the essential character of the underlying action in the trial court." Leslie v. Tavares, 93 Hawai'i at 5, 994 P.2d at 105. "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997). "Where there is doubt as to whether an action is in assumpsit or in tort, there is a ***presumption that***

***the suit is in assumpsit***." See Leslie, 93 Hawai'i at 6, 994 P.2d at 1052 (quoting Helfand, 105 F.3d at 537 (citing Healy-Tibbitts Const. Co. v. Independent Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982))); see also Braham v. Honolulu Amusement Co., 21 Haw. 583, 584 (1913). A prayer for attorney's fees is a significant indication that the action is in assumpsit. See Healy-Tibbitts, 673 F.2d at 286.

In Blair v. Ing, 96 Hawai'i 327, 31 P.3d 184 (2001), the Hawaii Supreme Court held that the defendant was entitled to reasonable attorneys' fees as the prevailing party. The complaint contained breach of implied contract and negligence claims. Without the implied contract claim, the plaintiffs would not have had a cognizable negligence claim. Also, the alleged damages were more closely akin to contract damages than in tort damages because they were economic damages arising out of the alleged frustrated expectation regarding the defendant's responsibilities as an accountant. Thus, the essential character of the action was "in the nature of assumpsit" as provided under HRS § 607-14. See id. at 332-33.

PEIC's Complaint for Declaratory Judgment, Contribution, and Indemnity filed on April 19, 2001, sought declaratory judgment, "contribution from Island for any amounts [PEIC] is obligated to pay, to the extent of Island's liabilities" and "indemnity from Island for any amounts [PEIC]

is obligated to pay, to the extent of Island's liabilities." In the prayer for relief, PEIC requested, *inter alia*:

> 3. Contribution from Island and/or Servco, on behalf of Island, for the amount, if any, this Court determines that Plaintiff owes under any of the PEIC Policies;
>
> 4. Indemnity from Island and/or Servco, on behalf of Island, for the amount, if any, this Court determines that Plaintiff owes under any of the PEIC Policies;
>
> 5. For the costs of suit herein…

Docket No. 1.

In PEIC's Request for Relief from Certain Portions of Fifth Amended Rule 16 Scheduling Order filed on August 3, 2006, it sought to file a supplemental complaint in this action asserting new causes of action for ***quasi-contract*** (for constructive trust and for ***restitution***), for an accounting, and equitable subrogation and/or equitable contribution against Island. Docket No. 165. In its [Proposed] Supplemental Complaint for Quasi Contract, Accounting and Equitable Subrogation and/or Equitable Contribution, attached as Exhibit A to PEIC's Request for Relief, PEIC prayed for judgment against Island as follows:

> 1. For an order imposing a constructive trust on Island over the benefit conferred upon Island pursuant to the reimbursement provisions of the Island-Servco Agreement.

2. For an accounting by Island to PEIC of the benefits conferred upon Island pursuant to the reimbursement provisions of the Island-Servco Agreement.

3. For ***payment by Island to PEIC*** of an amount equal to the benefit conferred upon Island ***pursuant to the reimbursement provisions of the Island-Servco Agreement***.

4. For ***payment by Island to PEIC of the attorneys' fees, costs and other expenses paid by PEIC*** as a result of Servco's prosecution of the underlying action following Island's purported exhaustion of its policy limits. …

Id., Exhibit "A" to Docket No. 165 (emphasis added).

Reviewing the complaint, proposed supplemental complaint, alleged facts, and prayers for relief, it is evident that PEIC seeks monetary damages from Island based upon contract or quasi-contract principles. The basis for the claims and relief sought is the insurance contract between Island and Servco and the alleged failure to exhaust the policy limits as required by PEIC's excess policy. All claims and relief sought by PEIC derive from insurance contracts and contract principles. PEIC even claims entitlement to restitution and reimbursement of attorneys' fees in the proposed supplemental complaint. Such claims sound in assumpsit. See Helfand, 105 F.3d at 538; Healy-Tibbitts, 673 F.2d at 286 (request for attorneys' fees an indication that the action as a whole is in the nature of

assumpsit); AIG Hawaii Insurance Co. v. Bateman, 82 Hawai'i 453, 458, 923 P.2d 395, 400 (1996) (claim for restitution accompanying claim for rescission cast the action "in the nature of assumpsit").

It is critical to distinguish between the money damages sought herein and strictly declaratory or equitable remedies. Under Leslie, a claim that lacks money damages as the basis, even one which "factually implicates a contract," would not be "in the nature of assumpsit." Leslie, 93 Hawai'i at 7. The instant matter is easily distinguishable from this exemption, because PEIC is openly seeking damages under a stated "quasi-contract" theory, which damages are to include "payment" under contract, "pursuant to the reimbursement provisions of the Island-Servco Agreement."

Moreover, when there is doubt whether an action is "in assumpsit" or is non-assumpsit, there is a presumption in favor of assumpsit. Leslie, 93 Hawai'i at 6. Thus, if there is any doubt here whether this action is "in assumpsit", the presumption in favor of assumpsit should prevail, which would entitle Island to its reasonable attorneys' fees.

**E. FEES REQUESTED**

**(A) Case development, background investigation/case administration**

Island has expended $17,187.50 for 137.7 hours of attorney time for case development, background investigation and case administration. The itemized fees and descriptions of work performed are attached and incorporated hereto as Exhibit "1".

**(B) Pleadings**

Island has expended $24,734.50 for 201.3 hours of attorney time related to work on pleadings. The itemized fees and descriptions of work performed are attached and incorporated hereto as Exhibit "1".

**(C) Interrogatories, document production and discovery**

Island has expended $9,611.50 and 81.6 hours of attorney time related to and in preparation of interrogatories, document production, and discovery. The itemized fees and descriptions of work performed are attached and incorporated hereto as Exhibit "1".

**(D) Depositions**

Island has expended $162.50 and 1.3 hours of attorney time related to depositions. The itemized fees and descriptions of work performed are attached hereto as Exhibit "1".

**(E) Motions practice**

Island has expended $20,207.50 and 132.0 hours of attorney time for motions practice. The itemized fees and descriptions of work performed are attached hereto as Exhibit "1".

**(F) Attending court hearings**

Island has expended $6,568.50 and 52.5 hours of attorney time attending court hearings. The itemized fees are attached hereto as Exhibit "1".

**(G) Trial preparation and attending trial**

Not applicable.

**(H) Post-trial motions**

Not applicable.

**F. CUSTOMARY FEES IN PREVAILING COMMUNITY**

During the course of this litigation, Island's attorneys have charged an hourly rate of $125, $115 and $105 and its paralegals charged $50 hourly. These hourly fees are well below the prevailing rate in the community, and are reasonable. See Declaration of Roy F. Hughes, ¶¶ 3, 4.

**G. CONCLUSION**

Island respectfully requests that the Court grant this Motion and award attorneys' fees to Island for prevailing on all claims brought by PEIC.

DATED: Honolulu, Hawaii, May 10, 2007.

/s/ROY F. HUGHES
ROY F. HUGHES
JAMES S. KAWASHIMA
Attorneys for Defendant
ISLAND INSURANCE COMPANY, LTD.